# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | | |
|---|---|---|
| **KYLE SIMPSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **JURY DEMAND** |
| | ) | |
| vs. | ) | **CIVIL ACTION NO.:** |
| | ) | |
| **ADVANCE STORES COMPANY,** | ) | |
| **INCORPORATED d/b/a** | ) | _____ |
| **ADVANCE AUTO PARTS** | ) | |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT

COMES NOW the Plaintiff, Kyle Simpson, a resident of Alabama who was employed by Advance Stores Company, Incorporated d/b/a Advance Auto Parts (hereinafter "Advance Auto Parts" or "Defendant"), and files this action against Advance Auto Parts for wages owed in the nature of unpaid overtime, as well as other damages and remedies. Plaintiff contends that Advance Auto Parts violated the Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. §§ 201, et seq, and in support thereof, hereby alleges as follows:

## JURISDICTION

1.  This action is brought pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq.* District Court jurisdiction exists pursuant to 29

U.S.C. §§ 216(b) and 217 and 28 U.S.C. § 1331.  This court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

2.     Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b) because Defendant is subject to personal jurisdiction in the Northern District of Alabama.

3.     At all relevant times herein, Defendant's business activities were related and performed through unified operations or common control for a common business purpose and constituted an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

4.     At all relevant times herein, Defendant employed persons in its place of business in furtherance of the activities of the above enterprise while engaged in commerce and, also at all relevant times herein, Defendant engaged in commerce by handling, selling, and/or working on goods or materials that have been moved in, or produced for, interstate commerce.

## PARTIES

5.     Plaintiff Kyle Simpson is a resident of Tuscaloosa County, Alabama and performed work for the Defendant in Tuscaloosa County, which is in the Northern District of Alabama, Western Division.  Plaintiff was an employee within the contemplation of 29 U.S.C. § 203(e)(1).

6.     Advance Auto Parts is a company that does business in the Northern Division of Alabama, including Tuscaloosa County, Alabama, at, among other

stores, the store at which the Plaintiff worked, located at 2300 McFarland Blvd NW S, Northport, Alabama 35476 and has done so at all times relevant for the filing of this complaint, and the time periods referenced in this complaint.

7. At all times material to this action, the Defendant has been an enterprise engaged in the commerce or the production of goods for commerce as defined by § 203(s)(1) of the FLSA and whose employees, including Plaintiff, handle and/or work on goods that have been moved in and/or produced in interstate commerce.

8. Advance Auto Part's annual gross volume of business exceeds $500,000.

9. At all times relevant to this action, Defendant was an "employer" of the Plaintiff as defined by § 203(d) of the FLSA, and the Plaintiff was an "employee" of Defendant as defined by § 203(e)(1) of the FLSA.  Plaintiff also worked for the Defendant within the territory of the United States within three (3) years preceding the filing of this lawsuit.

## STATEMENT OF FACTS

10. Plaintiff adopts and incorporates by reference paragraphs 1-9 above as if fully set forth herein.

11. On or about January 31, 2018, Plaintiff began working at Advance Auto Parts in Northport, Alabama. Plaintiff's employment with Advance Auto Parts ended on or about June 1, 2020.

12. Plaintiff worked as a "Commercial Parts Pro" at Advance Auto Parts and, at all times, was employed on a non-exempt hourly wage basis.

13. Plaintiff's duties at Advance Auto Parts involved onsite duties in Advance Auto Parts retail stores such as answering the phone, selling product and serving customers, including, but not limited to customers who purchase auto parts for use in commercial (as opposed to personal) use. Plaintiff did also sometimes serve customers purchasing auto parts for personal use.

14. Plaintiff was the only Commercial Parts Pro at his store, and was the only store employee specifically assigned to the job of serving all commercial clients, processing the commercial sales and manning the phone and store phone line designated for commercial clients that had the phone number disseminated to commercial clients.

15. Much of the commercial sales volume at the Advance Auto Parts store where Plaintiff worked involved and depended on communications on that phone, as that is how the commercial clients often initiated orders, obtained pricing, changed orders, etc.

16. Much of the commercial sales volume at the Advance Auto Parts store where Plaintiff worked involved and depended on the personal involvement of the Plaintiff, who, as the only Commercial Parts Pro at the store, was the only store employee specifically assigned to the job of serving all commercial clients and processing the commercial sales.

17. Plaintiff generally worked five, and sometimes six, days per week, with shifts that were roughly 10 hours per shift, although, at times during his employment, the shifts were less than 10 hours. Plaintiff thus worked close to 50 hours per week on average.

18. Throughout large stretches of his employment, Plaintiff had to work during lunch breaks, for which he was nonetheless required by Advance Auto Parts to clock out, and, as such, Plaintiff did not receive proper overtime compensation for that time worked.

19. This occurred because, often, there was no one else at the store available who could knowledgably man the commercial sales desk and the commercial sales phone during Plaintiff's lunch breaks.

20. There was no scheduling practice at the store where the Plaintiff worked that scheduled for a commercial sales substitute or replacement during Plaintiff's lunch breaks.

21. The commercial sales work at the store where Plaintiff worked certainly did not stop occurring during Plaintiff's lunch hours, as, for example, commercial clients called the commercial sales line on a regular basis during that time, and at all times during the work day.

22. As a result of being required to clock out for those hours in which the Plaintiff thus still necessarily had to work, Plaintiff worked multiple hours every workweek for which he received no compensation whatsoever, whether straight-time or overtime.

23. Plaintiff regularly worked over 40 hours a week, but did not get the proper amount of overtime compensation for the additional hours he worked due to the Defendant's practice of requiring him to clock out for an hour or a half-hour for lunch every day.

24. Plaintiff complained to numerous of his supervisors at Advance Auto Parts regarding Defendant's wrongful compensation practices. Nevertheless, Defendant continued to wrongfully require Plaintiff to work off the clock.

25. Because Plaintiff routinely worked in excess of 40 hours per week and had to work off the clock multiple times a week, despite his complaints, Plaintiff has suffered financial harm and lost a significant number of hours of overtime pay per week as a result of Defendant's improper practices.

## COUNT ONE

## FLSA Overtime Violations

26. Plaintiff adopts by reference each and every material averment set out above as if fully set forth herein.

27. At all times relevant herein, Defendant was responsible for paying wages to Plaintiff, and Plaintiff was employed with Defendant as an "employee" within the meaning of the FLSA.

28. Under the FLSA, an employer must pay an employee for all hours worked and at least one and one-half times his or her regular rate of pay for each hour worked in excess of forty hours per workweek. As an hourly employee, Plaintiff is entitled to such straight-time and overtime compensation.

29. Defendant has failed and refused to comply with the FLSA's overtime wage requirements by neglecting to pay Plaintiff at one and one-half his regular rate for all hours worked in excess of 40 hours per week.

30. Defendant willfully failed to properly pay Plaintiff in accordance with the FLSA for at least three years preceding the filing of this complaint.

31. Defendant's willful violations have caused financial damage to the Plaintiff consisting of loss of pay.

## COUNT TWO

### Common Law Unjust Enrichment

32. The Plaintiff adopts by reference each and every material averment above as if fully set forth herein.

33. The Defendant has received and benefited from the uncompensated labors of the Plaintiff, such that to retain said benefit without compensation would be inequitable and rise to the level of unjust enrichment.

34. At all relevant times hereto, the Defendant devised and implemented a plan to increase their earnings and profits by fostering a scheme of securing work from the Plaintiff without paying any compensation for some hours worked or overtime compensation for all hours worked.

35. Contrary to all good faith and fair dealing, the Defendant induced the Plaintiff to perform work during the day while failing to pay any compensation for some hours worked or overtime compensation for all hours worked.

36. By reason of having secured the work and efforts of the Plaintiff without paying the appropriate compensation and overtime compensation, the Defendant enjoyed reduced overhead with respect to their labor costs, and therefore realized additional earnings and profits to their own benefit and to the detriment of the Plaintiff. The Defendant retained and continue to retain such

benefits contrary to the fundamental principles of justice, equity, and good conscience.

37. Accordingly, the Plaintiff is entitled to judgment in an amount equal to the benefits unjustly retained by Defendant.

## PRAYER FOR RELIEF

Plaintiff respectfully requests that the Court grant the following relief:

A. The Court issue proper process to compel Defendant to answer or otherwise plead to the allegations contained in the Complaint;

B. This Court award Plaintiff, to be paid by Defendant, the amount of his unpaid wages including overtime wages, plus an additional equal amount as liquidated damages;

C. That this Court award Plaintiff judgment against the Defendant for all reasonable attorneys' fees, costs, disbursements, and interest;

D. For such other and further relief as this Court deems equitable, proper, and just.

## Demand for Jury Trial

Plaintiff hereby demands a trial by jury.

DATED this 13th day of July, 2020.

Respectfully Submitted,

**/s/ David A. Hughes**
David A. Hughes (ASB-3923-U82D)
Attorney for Plaintiff
2121 14th Street
Tuscaloosa, Alabama 35401
Telephone: (205) 523-0463
Fax: (205) 344-6188
E-mail: dhughes@hardinhughes.com

**Defendant's Address:**

Advance Stores Company, Incorporated
   c/o National Registered Agents, Inc.
   2 North Jackson Street, Suite 605
   Montgomery, AL 36104